We move to the sixth case this afternoon, and that is U.S. v. King. May it please the Court and Counsel, I would like to use the oral argument to clarify how the wording of the sentencing statute supports the defendant's argument. So here's how 3553A works. You start with subsection 4, where the judge calculates the applicable guideline range. Then the judge determines the actual sentence by considering subsections 1, 2, 3, 6, and 7 for restitution. But subsection 2, which the parsimony principle applies to, is by far the most important subsection because it contains the four longstanding principles of punishment, which are deterrence, incapacitation, retribution, and rehabilitation. And the statute specifically requires that the court not impose a sentence that's greater than necessary to comply with those purposes. But if the starting point, which is the guideline calculation the judge has made, is too high with respect to the parsimony principle, then the resulting sentence is also very, very likely to be unacceptably great. So if it's arguable that the guideline range that the district court calculated is greater than necessary to effectuate the purposes of section 2, the defendant should be able to ask the court to lower the guideline range in order to come in compliance with the statutory purpose of the parsimony principle and the implementation of section 2. So how do you reconcile that with the instructions in Rita and Gall and the guidelines themselves? First, get the guidelines right within this narrow universe of the guidelines. Then consider the additional matters under section 3553A, including the parsimony principle. Yes, Judge. The court does have to calculate the guidelines within the world of the guidelines. And the district judge did that here, right? Yes, Judge. And you agree with those calculations, correct? Yes, in the context of subsection 4 of the statute. Yes. That was the 46 to 57 months? Yes, that's right. But you mentioned Rita. Rita says at 551 U.S. 351 that the sentencing judge, after calculating the guidelines, quote, may hear arguments by prosecution or defense that the guideline sentence should not apply because the guideline sentence itself fails to properly reflect 3553A considerations. Right. And the parsimony principle is one of those considerations. And my argument is that because the parsimony principle is a statute, is a part of the statute, that it essentially has to be accommodated before you get to the general 3553A argument, asking, for example, for a variance. We're not saying I'm distinguishing asking for a reduction under the parsimony principle from asking for a variance under the whole variety of things that you can ask for a variance for. Otherwise, the parsimony principle serves no function. As I understand your argument, you think the parsimony principle entitles you to a lower guidelines calculation, even if it's inconsistent with what the guidelines say. And there's no support for that in the statute. The parsimony principle is a general 3553 sentencing factor that is applicable after the guidelines are correctly calculated. It doesn't entitle you to a different and lower guidelines calculation. Well, the parsimony principle is a statutory statement that applies only to subsection 2 of 3553A. And so it says that not greater than necessary to comply with the purposes set forth in paragraph 2 of the subsection, which is the subsection that contains the four principles of punishment. And so our contention is to give meaning to that statutory provision, the defendant should be able to ask, and the judge then has to make a determination, that the guideline level that came out of the paragraph 4 calculation is excessive under the parsimony principle and therefore should be lowered before going to the general application of the 3553A. A lot of your argument, Mr. Beal, seems to be based on the anchoring effect that the guidelines have and has been important as courts have analyzed various issues under the guidelines. In Pew, that was decisive, I would suggest. And as a matter of decision-making psychology, there's some weight to that, it seems to me. But just as a matter of how a district judge is supposed to do his or her job, given the instructions from Rita and Gall, which say get the guidelines right, it seems to me that your argument would make federal sentencing even more complicated than it is now. Introducing a fourth step after the guidelines, before one gets into and maybe after departures, but then before the rest of the 3553A factors. And I just don't see much foundation for that. Yes, actually, Judge, I agree with that statement. The government overstates it in their brief when they say you could challenge each provision in the course of calculation of the guidelines. This is just after the whole guideline is calculated. There is a provision here in the statute which should have meaning. And didn't it have meaning in this case when Judge Gettleman gave a below-guideline sentence based on a variety of factors? Well, my argument is the defendant was entitled to have him rule on whether or not it was excessive. He did. He imposed a below-guideline sentence. Well, but if he had agreed with us that he should have gone with the actual loss rather than the intended loss, then the guideline would have been 14 to 18 months, not 47 to 56. And all I'm asking is that the judge be required to make a ruling as to whether the resulting guideline is excessive under the parsimony clause. And, yes, I am asking that an additional step be available where there is an egregious deviation, but it's only a deviation invoking subsection 2, not the whole statute, because that's how the parsimony principle reads. And it's to give meaning to the parsimony principle, which I would submit has been largely neglected. So, yes, I am asking for that, and I think that that is what the parsimony principle requires. Well, I mean, we're again asking, as has happened ever since the sentencing guidelines come in, we want the court to make more findings, put more in writing. Here he said it's too high, and I'm reducing it 16 months to 30 months. But that's starting from 46 to 57. I understand your argument in that. And even if he were to reduce it by another month, that would be significant to the defendant. And, again, what I'm arguing is that the wording of the sentencing statute, the parsimony principle, needs to be given some meaning. So I would reserve the balance of my time. Thank you. Good afternoon. Karina Salovara on behalf of the United States. May it please the court. The district court did not commit any error. There was no procedural error. As your comments have reflected, you understand the district court determined the advisory guideline range to be 46 to 57 months, and defendant acknowledged that it was correctly calculated with reference to application note 3, which required the court to impose a $500 per access device charge. The court then entertained the defendant's parsimony argument that a below-guideline sentence was sufficient, but not greater than necessary to comply with the purposes set forth in the statute because of the disparity between the actual loss and what he called the attributed loss. And, in fact, the district court entertained the argument, heard the argument, and then imposed a sentence below the advisory guideline range, a sentence of 30 months, 16 months below the range. And in imposing the range, as you alluded to, Judge Hamilton, the court said, and I quote, a lot of the guideline calculation is driven by the loss amount, which is a theoretical loss amount as opposed to the actual loss amount here. And I think that does overstate the actual culpability to some degree, to some degree. Given this record, there was no procedural error. The court followed the post-Booker sentencing framework, began with the correct calculation of the guideline, considered all of the 3553A factors, and explicitly considered defendant's loss argument. The court credited the argument to some degree, as he said, and imposed a below-guideline sentence. The district court did what the defendant asked for. Now, I belabor just briefly this point because of the district court's explicit reference to the parsimony loss argument. The defendant at times has seemed to suggest that the district court failed to consider that challenge, and the record, as I've just quoted, is very clear that the district court did consider it. Now, the court and defendant this morning suggest that the district court should, must determine, I believe was what was suggested, a parsimony argument as it proceeds through the guideline calculation. Your Honors, that would upend the current guideline sentencing framework, and I submit create additional confusion and work for district court judges. This court has been very clear that in response to categorical challenges to the guidelines, or any part of the guidelines, the district court may pass over and silence the argument, and need not entertain on a case-by-case basis the reasonableness of the application of any part of the guidelines. The court's decisions have been in reference to the criminal offender calculation, with respect to the crack cocaine versus powder cocaine guideline, and with respect to some of the enhancements that follow in child pornography cases. And again, this court has been very clear, the district court may pass over and silence the categorical challenges. If that's what defendant is saying now, that application note 3 should never apply, the reference by the district court here makes clear that he entertained and rejected that challenge. In other words, he gave more than silence to the defendant's as-applied argument, excuse me, his categorical challenge, if in fact that's what he made. The district court said, or asked, do you have any precedent for your theory regarding the attack on application note 3? And the response from the defendant below was, the only precedent we cite to is the Sixth Circuit case called Lyles. And in that decision, two judges on the panel, in dictum, suggested that application note 3 raised a reasonableness challenge in all cases. And the district court below here said, I appreciate the point you have made, and I reject it. I think it is much more of a 3553A factor. And then he proceeded to follow the statutory framework, having determined the applicable advisory guideline reading, and applied the 3553A factors. And if you look at the discussion of those factors, the only one that the district court found cut in the defendant's favor was this loss argument. The district court here carefully went through all of the factors. He discussed the defendant's family, that they were supportive, answered the district court, I regret you didn't take advantage of that support, or think about your children before you committed these crimes. He talked about the offense, describing it as a very calculated crime that occurred over a long period of time, involved numerous victims, and took private information of people to make money for himself. He talked about the defendant's history and background, saying, and I quote, there are more negatives here than positive, referring to the fact that the defendant was on a sentence of state probation at the time he was first caught with these federal offenses, and then continued to commit crimes while he was on pretrial release in the federal court. This sentencing judge did exactly what the court has asked, and indeed did it with probably more attention than is required, and there is no substance of error in the sentence he imposed below the guideline range. For all these reasons, Your Honor, unless you have additional questions, the district court did not commit any error, and we respectfully ask the court to affirm the sentence below. Thank you. Thank you. I just want to make a factual clarification, which is that I argued below that the disparity between the actual and intended loss was so extreme that going with the sentencing guideline number that the court calculated, which was based on the government's intended loss number, violates the statute, not just an opportunity for a variance, but actually violates the parsimony clause of the sentencing statute, and the court responded the literal language of the guidelines and the statute itself don't allow that argument. So he ruled that that was an argument that could not be. He didn't rule against me that that's a valid argument, but I don't agree with it. He said you can't make that argument, and I'm arguing that under the law to give meaning to the parsimony principle, that should be a permissible argument. Thank you. Thank you, counsel. Thanks to both counsel. The case is taken under advisement.